IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TRUE EARTH HEALTH PRODUCTS, LLC**<br><br>**PLAINTIFF**<br><br>vs.<br><br>**CLAY HENDERSON**<br><br>**DEFENDANT** | Case No. 2:19-cv-2955<br><br>**JURY REQUESTED** |

### COMPLAINT

Plaintiff True Earth Health Products, LLC (hereinafter "True Earth" or "Plaintiff") for its causes of action against Defendant Clay Henderson (hereinafter "Henderson" or "Defendant") alleges as follows:

### INTRODUCTION

1. This action is the result of Defendant's manufacture or purchase and sale of counterfeit skin cream that infringe Plaintiff's federally-registered PLEXADERM® trademark and the trade dress of its cosmetic products for skin care.

2. Defendant Henderson, via one or more eBay stores and other online marketplaces, is selling products of inferior quality that are nearly identical in appearance to Plaintiff's products and using a trademark that is identical to Plaintiff's registered trademark, thus confusing and deceiving consumers and harming Plaintiff's good will and reputation.

3. This action is one for direct and contributory counterfeiting, trademark infringement, trade dress infringement, and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1051 et seq., together with related claims under state law. Plaintiff seeks

damages, an accounting of Defendant's profits, permanent injunctive relief, and all other appropriate relief arising from Defendant's willful acts of trademark counterfeiting and infringement and unfair competition.

## PARTIES

4.Plaintiff True Earth Health Products is a New York limited liability corporation with an address at 260 Smith Street, Farmingdale, NY, 11735.

5.Upon information and belief, Defendant Clay Henderson is an individual who may reside or may have resided in the metropolitan Reno, Nevada area.

## JURISDICTION AND VENUE

6.This Court has jurisdiction over the federal trademark and unfair competition claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1051 and 1121.

7.This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statute and the common law of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8.Defendant is subject to this Court's jurisdiction because Defendant regularly conducts business in this State and District, have committed the acts complained of herein in this District, and their acts have caused harm in this District.

9.Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) in that a substantial part of the events giving rise to the claims alleged herein occurred in this District and Defendant is subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND**

10. This action arises from Defendant's unlawful use of Plaintiff's PLEXADERM® trademark.

11. True Earth is a research-based cosmetics company which develops, markets and sells products used for, *inter alia*, the support of healthy skin and wrinkle reduction. Since at least as early as 2016, True Earth has used the trademark PLEXADERM® in commerce in connection to skin and facial cream.

12. True Earth's high-quality skin care products, including its PLEXADERM® line of facial cream, are widely available for retail purchase in brick and mortar stores throughout the United States. Tue Earth's PLEXADERM® facial creams are also widely marketed and distributed by way of various Internet websites.

13. True Earth owns all rights to U.S. Trademark Registration No. 5,092,879 for the PLEXADERM® mark, which is used in connection with "facial creams" and "anti-wrinkle creams" in International Class 003 and United States Classes 001, 004, 006, 050, 051, and 052. The PLEXADERM® mark was registered on November 29, 216. A copy of U.S. Trademark Registration No. 5,092,879 is attached hereto as Exhibit A.

14. The extensive sales and marketing by True Earth under its distinctive PLEXADERM® mark for its quality products has led True Earth to acquire valuable goodwill and name-recognition among consumers and the skin care products industry.

15. True Earth's PLEXADERM® product is sold packaged in a single facing box, which contains a tube or bottle of facial cream comprised of True Earth's proprietary formulation.

16. Defendant Henderson sells and has sold cosmetics to customers in the United States and abroad on the internet, including but not limited to sales on the website eBay.com, under the

3

seller ID "nv health and beauty," including facial creams identified as PLEXADERM® with accompanying pictures of Plaintiff's PLEXADERM® products.

17. Defendant is not licensed or otherwise authorized to use the PLEXADERM® mark.

18. Defendant Henderson has sold counterfeit cosmetic products identified as Plaintiff's PLEXADERM® facial cream product and other PLEXADERM® products through the seller id "nv health and beauty."

19. Plaintiff conducted a test purchase from Defendant's eBay.com online store of the allegedly authentic PLEXADERM® product and received a counterfeit product directly from Defendant Henderson.

20. Upon discovering Defendant's unauthorized sales of counterfeit PLEXADERM® products, Plaintiff contacted eBay.com to notify the online host that Defendant has engaged in counterfeit sales on its platform.

21. In November of 2018, eBay.com relayed the personal contact information to Plaintiff for the "nv health and beauty" seller id. EBay.com identified Defendant Henderson as the operator of the online store, with an address of 6405 S. Virginia Street, Suite 4, Reno, NV, 89511 and an e-mail address of highlandhealthnv@gmail.com.

22. Upon information and belief, Defendant Henderson is owner, operator, and/or director of the "nv health and beauty" eBay.com store, which continues in the sale and delivery of counterfeit PLEXADERM® products.

23. Defendant is not an authorized dealer of Plaintiff's PLEXADERM® products.

24. Plaintiff has used the PLEXADERM® trademark in connection with skin care products since long prior to Defendant Henderson's first use thereof.

4

25. Upon information and belief, Defendant had knowledge of True Health's prior use and registration of the PLEXADERM® trademark, and acted willfully and with intent to deceive consumers in its adoption and use of the PLEXADERM® mark.

26. On or about January 11, 2019, Plaintiff sent a cease and desist letter to Defendant Henderson at the Reno, NV address and the email address provided by eBay.com concerning the aforementioned counterfeit sales. The letter to the Reno, Nevada address was returned as undeliverable.

27. On January 11, 2019, Defendant Henderson (or someone identifying themselves as Henderson) subsequently replied to the email sent by Plaintiff's counsel. The response acknowledged the writer had made the internet sales in question.

28. Following Henderson's January 11, 2019 email exchange, Henderson retained counsel who also contacted Plaintiff's counsel. Henderson's retained counsel refused to provide Henderson's current residence or place of business, and refused to accept service or to accept a waiver of service of process on Henderson's behalf.

29. Upon information and belied, Henderson has continued his counterfeit sales on various internet site which continues to harm the goodwill and otherwise damage Plaintiff.

## COUNT I
## TRADEMARK COUNTERFEITING AND INFRINGEMENT
**(15 U.S.C. § 1114)**

30. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

31. Defendant has used and is using Plaintiff's registered PLEXADERM® trademark in interstate commerce in connection with Defendant's counterfeit facial cream and anti-wrinkle products.

5

32. Defendant's use of the PLEXADERM® mark is without Plaintiff's consent.

33. Plaintiff has used the PLEXADERM® trademark in connection with skin cream products since long prior to Defendant's first use thereof.

34. PLEXADERM® is registered on the principal register in the United States Patent and Trademark Office for the same type of goods upon or in connection with which Defendant uses the mark.

35. Defendant's unauthorized use of the PLEXADERM® mark in connection with counterfeit facial and anti-wrinkle cream products as described above is likely to cause confusion or mistake among consumers, or to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and Defendant Henderson.

36. Defendant's unauthorized use of the PLEXADERM® mark in interstate commerce as described above constitutes trademark counterfeiting under 15 U.S.C. § 1114(1).

37. Defendant's unauthorized use of the PLEXADERM® mark in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1).

38. Upon information and belief, Defendant adopted and uses the PLEXADERM® mark in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill that Plaintiff has built up in those marks and confuse consumers as to the affiliation between Defendants and Plaintiff, and to divert customers and revenue from Plaintiff.

39. Upon information and belief, Defendant intentionally uses and has used the PLEXADERM® mark, knowing such mark is counterfeit, in connection with the sale, offering for sale, or distribution of Defendant's goods.

40. As a direct and proximate cause of the aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

41. Upon information and belief, Defendant has made substantial profits and/or gains to which they are not in law or equity entitled.

42. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

43. On information and belief, Defendant has acted willfully to usurp True Earth's rights, and they should be held liable to True Earth for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

44. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

45. Defendant's use of the PLEXADERM® mark which is identical or confusingly similar to Plaintiff's PLEXADERM® mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Henderson with True Earth, or as to the origin, sponsorship, or approval of Defendant Henderson's goods, services, or commercial activities by Quincy.

46. Defendant's actions, as set forth, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

47. Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

48. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

49. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

### COUNT III
### DILUTION (LANHAM ACT)
### 15 U.S.C. §1125(c) (Federal Trademark Dilution Act)

50. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

51. Plaintiff's PLEXADERM® mark is famous.

52. Defendant's use of the PLEXADERM® mark commenced after Plaintiff's PLEXADERM® mark became famous.

53. Defendant Henderson has used the PLEXADERM® mark in commerce.

54. Defendant's wrongful acts, as detailed above, dilute the distinctive quality of Plaintiff's distinctive PLEXADERM® by blurring and consequently are likely to injure Plaintiff's business reputation.

55. Defendant willfully intended to trade on the recognition of Plaintiff's PLEXADERM® mark.

56. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT IV
## DECEPTIVE TRADE PRACTICES
**(N.Y. Gen. Bus. Law § 349)**

57. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

58. This is a claim against Defendant for unfair competition under New York General Business Law §349.

59. Defendant's aforesaid acts constitute deceptive acts or practices in the conduct of business, trade or commerce in the furnishing of any service in the state within the meaning of New York General Business Law §349.

60. By selling infringing and/or counterfeiting products of an unknown quality without the appropriate packaging, security seals, guarantees and contact information, Defendant's actions have caused specific and substantial injury and direct harm to consumers in New York and to the public interest.

61. Direct and substantial harm also exists to consumers in New York and to the public interest because Defendant, via his wrongful and unlawful actions, has received money from consumers to which they are not entitled.

62. Defendant knowingly and willfully committed deceptive acts and practices in its use of True Earth's PLEXADERM® mark.

63. Plaintiff has suffered, and continues to suffer, actual injury in fact due to the deceptive acts and practices of Defendants.

## COUNT V
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (NEW YORK)

64. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

9

65. Defendant's aforesaid acts constitute willful and intentional trademark infringement and unfair competition under the common law of the State of New York.

66. Plaintiff has suffered, and continue to suffer, damage and irreparable harm due to the Defendant's infringement of the PLEXADERM® mark.

**COUNT VI**
**INJURY TO BUSINESS REPUTATION AND DILUTION**
**(N.Y. Gen. Bus. Law §360-1)**

67. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

68. Defendant's aforesaid acts have caused Plaintiff damage and irreparable harm to its business reputation and have diluted the distinctive quality of Plaintiff's PLEXADERM® mark, and are likely to continue to do so, in violation of N.Y. Gen. Bus. Law §360-1.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. That Defendant and their agents, servants, employees, and attorneys and those persons in active concert or participation with or controlled by them be preliminarily and permanently enjoined from:

    i. Using the PLEXADERM® mark;

    ii. Using any mark or symbol that may be calculated to represent, or which has the effect of representing, that the services or products of Defendant are sponsored by, authorized by, or in any way associated with Plaintiff;

    iii. Falsely representing that Defendants is associated with or sponsored by Plaintiff or engaging in any act which is likely to cause the trade or purchasing

public to believe that Defendant is in any way associated with or sponsored by Plaintiff; and

iv. That Defendant be required to account to Plaintiff for any profits derived by it and for damages sustained by Plaintiff by reason of the acts of trademark infringement, counterfeiting, dilution, deceptive and unfair trade practices, and unfair competition complained of herein.

B. That judgment be entered against Defendant for: Plaintiff's damages and Defendant's profits; statutory damages; treble damages or profits, whichever are greater; prejudgment interest; and attorneys' fees pursuant to the Lanham Act, the New York common law, New York Gen. Bus. Law §349 and New York Gen. Bus. Law §360-1.

C. That this Court grant to Plaintiff any further relief deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action under Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 17, 2019.　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: *Erin R. Conway*
　　　　　　　　　　　　　　　　　　Erin R. Conway
　　　　　　　　　　　　　　　　　　New York Bar No. 4842316
　　　　　　　　　　　　　　　　　　E.D.N.Y. Bar Code: EC2492
　　　　　　　　　　　　　　　　　　Daniel S. Tyler *(Pro Hac Vice to be filed)*
　　　　　　　　　　　　　　　　　　Illinois Reg. No. 6315798
　　　　　　　　　　　　　　　　　　AMIN TALATI UPADHYE, LLP
　　　　　　　　　　　　　　　　　　100 S. Wacker Dr., Suite 2000
　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　Telephone: (312) 327-3328
　　　　　　　　　　　　　　　　　　Facsimile: (312) 884-7352

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　True Earth Health Products, LLC